# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDI NICOLE COMBEST JACKSON, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-08-384-SPS ) |
| FARMERS NEW WORLD LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER GRANTING
## SUMMARY JUDGMENT TO THE DEFENDANT

The Plaintiff Brandi Nicole Combest Jackson brought suit for breach of contract and bad faith against the Defendant Farmers New World Life Insurance Company for refusing to pay benefits on a life insurance policy after the death of her husband Randy. Farmers rescinded the policy pursuant to 36 Okla. Stat. § 3609(A), claiming that Mr. Jackson himself as a non-smoker in his written application for insurance, and seeks summary judgment herein pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, the Court finds that the Defendant's Motion for Summary Judgment and Brief in Support [Docket No. 21] should be granted.

### A.  Factual Background

The material facts identified by Farmers in its motion are undisputed for purposes of summary judgment because the Plaintiff did not specifically controvert any of them in her response to the motion. *See* EDOK LCvR 56.1(c) ("All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of

summary judgment unless specifically controverted by the statement of material facts of the opposing party."). Mr. Jackson applied for a non-nicotine term life insurance policy with Farmers on August 6, 2006. He signed a sales illustration indicating that the quoted premiums were based on a non-nicotine rate class, and answered in the negative when asked by the agent, "Have you in the past five years used Tobacco or Nicotine products in any form?" Mr. Jackson signed the application (which contained his denial of tobacco usage) and thereby represented his answers were correctly recorded, complete and true. Based on the information in the application, Farmers issued a non-nicotine life insurance policy (number 007839830, effective August 28, 2006) specifically indicating it was in the "STANDARD NON-SMOKER" class. The policy contained an "incontestability clause," *see* 36 Okla. Stat. § 4004 ("There shall be a provision that the policy . . . shall be incontestable, except for nonpayment of premiums, after it has been in force during the lifetime of the insured for a period of two (2) years from its date of issue."), but since Mr. Jackson died less than two years later on April 12, 2007, an investigation commenced when the Plaintiff filed a claim for life insurance benefits under the policy. Farmers sent an outside adjuster to interview the Plaintiff on May 29, 2007.

The Plaintiff admitted during the interview that Mr. Jackson had smoked Marlboro Lights from 2002 until the time of his death. The Plaintiff filled out and signed a written "tobacco statement" containing not only this information but also the admission that Mr. Jackson smoked three cigarettes a day and never stopped smoking. The underwriting department indicated it would not have issued Mr. Jackson a non-nicotine premium class

policy if he had disclosed this information, so Farmers determined Mr. Jackson had made a material misrepresentation in his application and notified the Plaintiff on September 7, 2007, that it was rescinding the policy and refunding the premiums. This lawsuit ensued.

## B. Analysis

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of "showing the absence of a genuine issue as to any material fact," and the evidence "must be viewed in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). But opposition to summary judgment "must be based on more than mere speculation, conjecture, or surmise. Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Cardoso v. Calbone,* 490 F.3d 1194, 1197 (10th Cir. 2007). A party opposing a motion for summary judgment must thus "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

Farmers contends that it is entitled to summary judgment on the Plaintiff's claims for breach of contract and bad faith because it properly rescinded the life insurance policy upon discovering that Mr. Jackson made a material misrepresentation in his application. Under Oklahoma law, an insurer may rescind a policy under the following circumstances:

> All statements and descriptions in any application for an insurance policy or in negotiations therefor, by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy unless:
>
> 1. Fraudulent; or
>
> 2. Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
>
> 3. The insurer in good faith would either not have issued the policy, or would not have issued a policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or otherwise.

36 Okla. Stat. § 3609(A). "The insurer bears the burden of proof to show not only that the statements were untrue, but also that the misrepresentations were either fraudulent, material to the risks or hazards assumed by the insurer, and, in good faith, the insurer would not have issued the policy, or covered the hazard if the true facts had been known in the application." *Claborn v. Washington National Insurance Co.*, 1996 OK 8, ¶ 7, 910 P.2d 1046, 1049. There are no *serious* factual disputes about the falsity or materiality of Mr. Jackson's denial of tobacco usage, or about whether Farmers would have issued the policy if the truth had been known; the issue here, as the Plaintiff points out, is whether a factual dispute exists as to Mr. Jackson's intent to deceive Farmers with his false denial about tobacco use in the preceding five years. *See, e. g., Hays v. Jackson National Life Insurance Co.*, 105 F.3d 583, 584 (10th Cir. 1997) ("Oklahoma law requires a finding that the insured intended to deceive the insurer before a misrepresentation or an omission

on an insurance application can serve as grounds for nonpayment."); *Claborn*, 1996 OK 8 at ¶ 8, 910 P.2d at 1049 ("Where the evidence is conflicting as to . . . the falsity of insured's statements in the application process, or the intent of the insured, the issues are properly tendered to the jury for resolution."), *citing Brunson v. Mid-Western Life Insurance Co.*, 1976 OK 32, ¶ 21, 547 P.2d 970, 972 ("Question of falsity of statements contained in application for life or accident insurance policy and intent of applicant in making them is for jury."); *Massachusetts Mutual Life Insurance Co. v. Allen*, 1965 OK 203, ¶ 23, 416 P.2d 935, 941 ("In the absence of qualifications in the contract, material representations made in good faith, and *without out* [sic] *intent to deceive*, need not be literally true and accurate in every respect; rather it is sufficient if they are substantially or materially true and correct as to existing circumstances.") [emphasis added], *quoting* 29 Am. Jur. *Insurance* § 704. But the Court finds that there is no factual dispute on *this* issue either, and Farmers is therefore entitled to summary judgment.

The Plaintiff *does* argue (albeit half-heartedly) that there *are* factual disputes in the case. For example, the Plaintiff's response brief suggests that the Plaintiff's account of the interview by the adjuster differs somewhat from the account given herein by Farmers, *e. g.*, the Plaintiff claims that she told the adjuster Mr. Jackson "smoked maybe three (3) cigarettes a day and quit smoking at times probably two (2) weeks at a time" and that it was the adjuster (not the Plaintiff herself) who filled out the "tobacco statement." The Plaintiff also argues that there are certain fact questions only the jury should decide, *e. g.*, (i) how well the Farmers agent who sold the policy to Mr. Jackson (or someone on his

staff) may have known him; (ii) whether they had ever seen Mr. Jackson smoking or smelled smoke on him when he came into the office; (iii) whether Mr. Jackson had quit smoking at the time he applied for insurance and decided never to smoke again; and, (iv) whether Mr. Jackson read the sales illustration and the insurance application in their entirety before he signed them. But the Plaintiff provides no evidence demonstrating that there *are* factual disputes on these points, such as an affidavit), *see* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must-by affidavits or as otherwise provided in this rule-set out specific facts showing a genuine issue for trial."), and even if she had, few of these "factual disputes" would be material to the issues in this case. *See, e. g., Scott v. Harris,* 550 U.S. 372, 380 (2007) ("The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."), *quoting Anderson*, 477 U.S. at 247-248 [emphasis in original]; *Beaird v. Seagate Technology, Inc.,* 145 F.3d 1159, 1165 (10th Cir. 1998) ("Only disputes over facts that might affect the outcome of the suit under the governing law will preclude entry of summary judgment."). For example, regardless *how many* cigarettes Mr. Jackson smoked daily, whether he ever quit smoking (or how often or for how long) or whether he read the sales illustration and the insurance application before signing them, the Plaintiff's own account of her interview demonstrates that Mr. Jackson's answer to the question about tobacco use in the previous five years was clearly

false because *he had in fact used tobacco* during that time. Further, while the Plaintiff's suggestion that the agent knew (or had reason to believe) that Mr. Jackson *was* a smoker despite his denial *would* raise the question of materiality, *e. g.*, Farmers ought not be able to rescind the policy for a misrepresentation that its agent knew was false, this suggestion is clearly refuted by the transcript of the agent's deposition testimony, which the Plaintiff attached to her response brief. The Plaintiff has simply not demonstrated that there are any *material* factual disputes in this case.

In any event, the Plaintiff's primary argument against summary judgment is that Farmers has provided no evidence that Mr. Jackson intended to deceive by denying to the agent that he used tobacco in the previous five years. But intent can (and often *must*) be inferred from the surrounding facts, *see, e. g., Hays*, 105 F.3d at 589 ("Intent to deceive is a reasonable inference from the facts."), and if a misrepresentation is made "knowingly and deliberately, the intent to deceive will be implied." *Wagnon*, 146 F.3d at 771, *quoting Claflin v. Commonwealth Insurance Co.,* 110 U.S. 81, 95 (1884) ("[I]f the matter were material and the statement false, to the knowledge of the party making it, and willfully made, the intention to deceive the insurer would be necessarily implied, for the law presumes every man to intend the natural consequences of his acts."). Further, if the *only* reasonable inference that can be drawn from the surrounding facts is that the insured intended to deceive the insurer, summary judgment *is* appropriate. *See Wagnon*, 146 F.3d at 769-70 (reversing judgment in favor of the insured because "no reasonable fact-finder could conclude Mr. Wagnon's misstatements and concealments were not material"

and "no reasonable factfinder could question whether Mr. Wagnon's misrepresentations were made intentionally with the intent to deceive State Farm."). *See also Hays*, 105 F.3d at 589 (reversing judgment in favor of the insurer because "[o]n the present record . . . we cannot say that intent to deceive is the *only* reasonable inference.") [emphasis added].

The Plaintiff cites *Allen* and *Hays* as supportive of her claim that a factual dispute exists as to the intent to deceive. But both these cases are factually distinguishable from this case. In *Allen*, the agent for insurer recorded answers on behalf of the applicant that he knew were false. *See* 1965 OK 203 at ¶ 18, 416 P.2d at 939. Further, although the applicant in *Allen* himself failed to disclose a biopsy in response to a question about surgeries, the Oklahoma Supreme Court determined that this was not misleading and that the omitted information would not have lead to the discovery of the insured's cancer in any event. *Id.* at ¶ 25, 416 P.2d at 941. In *Hays*, the insured died of esophageal cancer after failing to disclose that tests had been performed on his esophagus (including biopsies) and that his doctors advised routine surveillance. 105 F.3d at 585. Further, the agent in *Hays* was the insured's personal friend, knew of his health problems and told him that his answers were adequate because the insurer would review his medical records before issuing the policy anyway. *Id.* at 586. Even *with* these factors, the *Hays* court noted, "the issue is close." *Id.* at 589. Because there is no evidence that Mr. Jackson was doubtful about whether he needed to disclose his tobacco usage, and no evidence that the agent knew Mr. Jackson's denial of tobacco usage was untrue or helped him give an

untruthful answer, neither *Allen* nor *Hays* suggests that summary judgment is inappropriate here.

On the contrary, the Court finds that summary judgment in favor of Farmers *is* appropriate on the undisputed facts of this case. Mr. Jackson knew that he was applying for a non-smokers policy because he signed the sales illustration. He also knew (as the information obtained from the Plaintiff after his death make clear) that he had used tobacco within the previous five years (*even if*, as the Plaintiff suggests, he had stopped smoking at the time he signed the insurance application and intended never to start again) and that it was therefore untrue to suggest otherwise when questioned about it. The only reasonable inference that can be drawn from *these undisputed facts* is that Mr. Jackson intended to deceive Farmers. The Plaintiff has presented no evidence that controverts any of this evidence or the other evidence submitted by Farmers, *e. g.*, that Mr. Jackson's history of tobacco use was material to the risk and that Farmers would not have issued the non-smokers policy if the true facts were known. The Court therefore finds that Farmers is entitled to summary judgment herein pursuant to Fed. R. Civ. P. 56, because there are no extant issues of fact to be tried. *See Claborn,* 1996 OK 8, ¶ 8, 910 P.2d at 1049 ("Where the evidence is conflicting as to either insured's state of health at the time of application, or the falsity of insured's statements in the application process, or the intent of the insured, the issues are properly tendered to the jury for resolution . . . We do not find such evidence in the record in this matter. There was evidence presented at trial showing that the misrepresentations made by Claborn were indeed a known falsity to

Claborn, and that had Washington National known of these misrepresentations, the insurance company would not have issued the policy to Claborn.").

In summary, the Court finds that Farmers was justified in rescinding the insurance policy issued to Mr. Jackson under 36 Okla. Stat. § 3609(A). *See Vaughn v. American National Insurance Co.,* 1975 OK 169, ¶¶ 9-10, 543 P.2d 1404, 1407 ("The false information given by the applicant in the application of his not being hospitalized and of no consultation or treatment by a physician, except for flu, concealed from the insurer true facts. These true facts, if revealed, would have given the insurer knowledge requiring a prudent insurer to investigate and would have led to the discovery of applicant's prior emotional problems . . . We hold that false information was a misrepresentation. That misrepresentation was material to the acceptance of the risk on the life of the applicant. The insurer is entitled to a judgment of rescission."). The refusal by Farmers to pay life insurance benefits to the Plaintiff upon Mr. Jackson's death was thus neither breach of contract nor bad faith, and Farmers is entitled to summary judgment on such claims pursuant to Fed. R. Civ. P. 56.

### C. Conclusion

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Docket No. 21] is hereby GRANTED. The Court will render a separate judgment in accordance herewith pursuant to Fed. R. Civ. P. 58(a).

**IT IS SO ORDERED** this 24th day of March, 2010.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**